# Morris *v.* McCutcheon, Appellant.

*Equity—Specific performance—Agreement to secure creditors—Trusts and trustees.*

Equity has jurisdiction to decree the specific performance of an agreement on the part of a solvent person, to pledge all his estate, real and personal, to a trustee named to secure creditors named.

Argued Oct. 25, 1905. Appeals, Nos. 71 and 72, Oct. T., 1905, by defendant, from decrees of C. P. No. 2, Allegheny Co., Jan. T., 1902, Nos. 159 and 702, on bills in equity in cases of Joseph C. Morris and Richard R. Brown, trading as Morris & Brown v. James H. McCutcheon et al., and John D. Armstrong, surviving partner of Lathrop R. Bacon & Co., v. James H. McCutcheon et al. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for specific performance.

RODGERS, J., filed the following opinion :

1. On May 9, 1901, James H. McCutcheon, one of the de-

fendants, was indebted to plaintiffs in the sum of $113,676.78, being the balance due on settlement of the accounts at the close of business upon said date for certain shares of capital stock in various corporations bought and sold by plaintiffs in their capacity as stockbrokers of said James H. McCutcheon, who was, and had been for some time prior thereto, plaintiffs' customer.

2. One transaction between plaintiffs and James H. McCutcheon included the purchase of 500 shares of the common stock of the Northern Pacific Railroad Company by plaintiffs on May 9, 1901, which said stock was purchased upon the order of said McCutcheon, and in the purchase thereof said plaintiffs acted as agents and brokers with fidelity and care and without negligence. 200 of said shares were purchased for $450 per share, 100 shares at $500 per share and 200 shares at $400 per share, and the purchase price for all of said shares was paid by plaintiffs to the sellers thereof. The aforesaid transaction embraced a part of the dealings between the parties referred to in the first finding of fact.

3. Plaintiffs on the same day bought or sold about 1,300 shares of other stocks for James H. McCutcheon, which said purchases or sales were apparently satisfactory.

4. Plaintiffs on May 7 and May 8, 1901, contracted to pay as agents and brokers for said McCutcheon the sum of $8,460, borrowing premium charges on said Northern Pacific stock, in accordance with the rules and custom of the market, and said payments were rendered necessary by reason of said McCutcheon's orders and directions to plaintiffs to carry deliveries of the stock over, and not to buy it in "to cover" on said days. Such premiums were contracted in good faith and without negligence by plaintiffs, and were paid by them, the same being included in the indebtedness account referred to in the first finding herein.

5. Upon the evening of May 9, 1901, after the indebtedness referred to in the first finding herein had been incurred and the account closed, the agreement, exhibit "A," attached to plaintiffs' bill was prepared, signed and sealed by all the parties to this bill, said James H. McCutcheon and plaintiffs being represented by counsel, said agreement being executed in the presence of said counsel, having been prepared by counsel rep-

resenting said James H. McCutcheon, and after having been so executed was deposited with McCutcheon's counsel, with the understanding that he should be the custodian of it for John L. McCutcheon, who was one of the beneficiary parties to the agreement and trustee under it to carry out its provisions.

6. Said agreement above referred to was executed after demand made by plaintiffs that their said indebtedness be paid to them forthwith.

7. There was neither fraud, accident nor mistake in the execution of said agreement.

8. The said agreement is as follows, to wit:

### " Exhibit ' A.'

" Pittsburg, May 9, 1901.　Whereas, James H. McCutcheon is indebted approximately to Lathrop R. Bacon & Co. $70,000, and to Morris & Brown approximately $114,000, and to John L. McCutcheon $15,000, and desires to secure such indebtedness.　Now it is agreed that said James H. McCutcheon shall pledge all his estate, real and personal, for the payment of said indebtedness, but that priority shall be given to sixty-eight per cent. thereof, that is to say, notes shall be given payable to Lathrop R. Bacon & Co. for say $47,600 (four of $10,000 and one of $7,600), payable four months after date, and notes shall be given to Morris & Brown for $77,520 (seven notes of $10,000 each and one of $7,520 at four months), indorsed by John L. McCutcheon and Thomas G. McCutcheon.　The pledge shall be primarily liable for these notes and a note to John L. McCutcheon for $11,880; subject to this primary liability the pledge shall be security for the residue of the indebtedness of said James H. McCutcheon to said Lathrop R. Bacon & Co., Morris & Brown and John L. McCutcheon in the proportion of their respective claims.　For said residue said James H. McCutcheon shall give his notes to the respective parties at four months.　Discounts shall be paid by said James H. McCutcheon on all notes or renewals.　The maker shall have the right to renew any and all notes given by him hereunder from time to time, and as often as he shall reduce the principal of any note ten per centum, and in case of such renewals all parties hereto shall be bound to indorse according to their position on the original notes.

" Pledge or mortgage to be made to John L. McCutcheon as trustee under the provisions hereof. Pledge to be for one year. Right in trustee to foreclose after any default on thirty days' notice to all parties in interest.

" Witness the hands and seals of said parties, May 9, 1901.

| | |
|---|---|
| " MORRIS & BROWN, | [Seal.] |
| " J. L. McCUTCHEON, | [Seal.] |
| " JAS. H. McCUTCHEON, | [Seal.] |
| " THOMAS G. McCUTCHEON, | [Seal.] |
| " LATHROP R. BACON & CO. | [Seal.]" |

9. The eight notes to Morris & Brown, aggregating $77,520, and the five notes to L. R. Bacon & Company, aggregating $47,600, all indorsed to John L. McCutcheon and Thomas G. McCutcheon, were given on May 10, 1901, to Morris & Brown and Bacon & Company, respectively, being drawn at four months and otherwise in accordance with the terms of the agreement set forth in the above finding, but James H. McCutcheon has failed to deliver his notes for the balance due plaintiffs. The notes which were given were designated as provided for in said agreement, and the discounts thereon were paid by James H. McCutcheon, and thus said plaintiffs have indulged and given time to James H. McCutcheon to pay said indebtedness as provided in the agreement.

10. Of the indorsed notes to Morris & Brown there are still unpaid and outstanding $50,000 in the form of renewals dated September 10, 1901, and payable on demand. At the request of James H. McCutcheon, John L. McCutcheon and Thomas G. McCutcheon, the said $50,000 notes are held by John L. McCutcheon and Morris & Brown are liable as first indorsers thereon, the said John L. McCutcheon being subsequent indorser.

11. James H. McCutcheon was, on May 9, 1901, the owner of a large amount of real estate in the county of Allegheny and state of Pennsylvania, and also a large amount of personality, and still is the owner of the realty, to wit: real estate situate on Fifth avenue, Twenty-second ward, Pittsburgh, and real estate situate on Center avenue, thirteenth ward, Pittsburgh, and that he is still the owner of personal property.

12. Said James H. McCutcheon refuses to execute and de-

liver the pledge of his real and personal property as provided in the agreement found in the exhibit set forth in finding No. 8, and in the refusal to perform said agreement he is acting upon the counsel and advice of John L. McCutcheon, one of the defendants hereto.

13. The said James H. McCutcheon acknowledged the indebtedness to plaintiffs of approximately $114,000, and to L. R. Bacon & Company of $70,000, and to John L. McCutcheon of $15,000, as shown in the agreement hereinbefore found, and agreed therein to pledge all his estate, real and personal, for the payment of said indebtedness, with the agreement that priority should be given to sixty-eight per cent thereof, namely, as far as plaintiffs hereto were concerned to $77,520, covered by the notes above set out, which were indorsed by John L. and Thomas G. McCutcheon, and as to L. R. Bacon & Company to $47,600 notes likewise indorsed, and as to John L. McCutcheon to $11,880. After this primary liability the pledge was to be security for the residue of the indebtedness of the said James H. McCutcheon to plaintiffs and Bacon & Company and J. L. McCutcheon in proportion to their claims; but the maker was to have the right to renew the notes given by him from time to time and as often as he reduced the principal of any note ten per centum, in which case of renewal all parties were to be bound to indorse according to their positions on the original notes; that the pledge or mortgage was to be made to John L. McCutcheon as trustee and was to be for one year, with the right to the trustee to foreclose after any default on thirty days' notice to all parties in interest.

14. James H. McCutcheon does not now demand or claim the right to have the notes renewed, and more than one year has elapsed from the time when such pledge or mortgage should have been given under the terms of the contract.

The transactions involved in the dealings between Morris & Brown and James H. McCutcheon concerning the Northern Pacific Railroad Company common stock were made in good faith with the intention on the part of both McCutcheon and plaintiffs to make actual delivery of the stock, and as agents of said McCutcheon, plaintiffs had made contracts with other persons for delivery of such stock. These transactions were not gambling transactions.

CONCLUSIONS OF LAW.

1. That James H. McCutcheon is indebted to Morris & Brown on the account as embraced in the findings of fact hereto in the sum of $86,156.78, of which said sum $50,000 is due and payable with interest from September 10, 1901, and the balance of said sum, $36,156.78, is due and payable with interest from May 9, 1901.

2. That James H. McCutcheon should pay unto John L. McCutcheon, the holder of the notes representing the sum of $50,000, the debt and interest thereon, or procure for plaintiffs full acquittance thereof, and in addition thereto should pay to plaintiffs the sum of $36,156.78 with interest from May 9, 1901, or failing therein, should execute and deliver unto John L. McCutcheon a pledge in writing of all the real and personal estate by him owned on May 9, 1901, in compliance and performance of the terms of the agreement set forth in the eighth finding of fact, being the agreement marked exhibit " A."

3. That John L. McCutcheon accept the pledge provided for in said agreement and perform the duties of trustee thereunder, or upon his refusal so to do, that a proper pledgee or trustee be appointed in his stead.

4. That this court has jurisdiction to compel the specific performance of the agreement found to exist between the parties, being exhibit " A " attached to the bill of complaint.

*Error assigned* was the decree of the court.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellant.— Equity had no jurisdiction : Long's App., 92 Pa. 171 ; Blakeley v. Biscoe, 30 Fed. Cases, 18, 239 ; Kauffman's App., 55 Pa. 383 ; Dech's App., 57 Pa. 467 ; Blood v. Crew Levick Co., 171 Pa. 339 ; Weaver v. Shenk, 154 Pa. 206 ; Stewart v. Mumford, 80 Ill. 192 ; Henderson v. Hays, 2 Watts, 148 ; Friend v. Lamb, 152 Pa. 529 ; Smaltz's App., 99 Pa. 310 ; Zoological Society's App., 38 Legal Int. 403 ; Wagner v. Peterson, 83 Pa. 238.

*William M. Hall* and *Joseph A. Langfitt*, with them *Clarence Burleigh*, *William Kaufman* and *H. W. McIntosh*, for appellees. —Equity had jurisdiction : In re Strand Music Hall Co., 3

DeG. J. & S. 147; Irvine v. Armstrong, 31 Minn. 216 (17 N. W. Repr. 343); Hicks v. Turck, 72 Mich. 311 (40 N. W. Repr. 339); Cole v. Cole, 41 Md. 301; Dean v. Anderson, 34 N. J. Eq. 496; Crawford County v. Bank, 164 Pa. 109; Kirkpatrick v. McDonald, 11 Pa. 387; Bierbower's App., 107 Pa. 14; Conyngham's App., 57 Pa. 474; Independent B. & L. Assn. v. Real Estate Title Co., 156 Pa. 181; Northern Cent. Ry. Co. v. Walworth, 193 Pa. 207; Hepworth v. Henshall, 153 Pa. 592; Saeger's App., 96 Pa. 479; Gregg v. Thurber, 45 Atl. Repr. 241; Bindseil v. Smith, 47 Atl. Repr. 456; Keplinger v. Woolsey, 93 N. W. Repr. 1008; Fryberger v. Berven, 92 N. W. Repr. 1125; Smith v. Bates Machine Co., 182 Ill. 166 (55 N. E. Repr. 69); Mut. Life Ins. Co. v. Pearson, 114 Fed. Repr. 395; Shockley v. Davis, 17 Ga. 177; Triebert v. Burgess, 11 Md. 452; Joneson Chat. Mort., sec. 3; Ceas v. Bramley, 18 Hun, 187; Collins v. Buck, 63 Me. 459; Tiernan v. Granger, 65 Ill. 351.

Per Curiam, January 2, 1906:

These cases differ but slightly in their facts and involve the same questions of law, and were argued together. The findings of fact are fully warranted by the testimony and we are not convinced of error in the conclusions of law.

The decrees are affirmed at the cost of the appellants.